UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------

TRUCOOK, INC.

    Plaintiff,

    v.

INTERNATIONAL BUSINESS CORPORATION

    Defendant.

---------------------------------------------------------------

)
)
)
) Civil Action No.:
)
) Judge
)
)
) Jury Demanded
)

**DOCKETED**

JUN 2 8 2002

**02C 4617**

JUDGE ANDERSEN

**MAGISTRATE** JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

Plaintiff TRUCOOK, INC, ("TRUCOOK") for its Complaint against
INTERNATIONAL BUSINESS CORPORATION ("IBC"), states as follows:

## JURISDICTION

1.    This Court has subject matter jurisdiction over this Complaint by virtue of
Title 28 U.S.C. §§ 1331 and 1338, Title 15 U.S.C. §1121(a) and under its supplemental
jurisdiction of 28 U.S.C. §1367, the Counts of which concern acts of design patent
infringement under 35 U.S.C. §1 *et seq.*; trade dress infringement under the Lanham
Act 15 U.S.C. §1125(a); trade dress infringement under the common law of Illinois;
trade dress dilution under the Illinois Anti-dilution Act, 765 ILCS §1036/65; and unfair
competition and deceptive trade practices under the Uniform Deceptive Trade Practices
Act, 815 ILCS §510/1 *et seq.*, the Consumer Fraud and Deceptive Business Practices
Act, 815 ILCS §501/1 *et seq.*, and the common law of Illinois.

2.    Venue is proper in this District under 28 U.S.C. §1391(b) and (c).

## THE PARTIES

3.     Plaintiff TRUCOOK, INC. ("TRUCOOK") is a Florida corporation having its principal place of business at 1500A Elizabeth Avenue, West Palm Beach, Florida 33401.

4.     Defendant INTERNATIONAL BUSINESS CORPORATION ("IBC"), upon information and belief, is a corporation having a principal place of business at 5705 Commerce Boulevard, Alpharetta, Georgia  30004.

5.     This Court has personal jurisdiction over Defendant IBC, by virtue of, among other bases, 735 ILCS §5/2-209 (a)-(c), in that Defendant has, with respect to the present case, transacted business in the State of Illinois, engaged in tortious acts within the State of Illinois and/or has contacts with the State of Illinois, all commensurate with the United States and Illinois Constitutions, so as to submit itself to the jurisdiction and process of this Court.

## FACTUAL BASIS FOR THE PRESENT ACTION

6.     Plaintiff TRUCOOK introduced its first temperature sensing fork for cooking various meat and fish items at a housewares trade show in Chicago on or about January of 1998.  That fork is shown in Exhibits A and B.

7.     Plaintiff's fork is a unique combination of non-functional elements, which together create an overall, distinctive impression which designates TRUCOOK as the source of the product.  In particular, Plaintiff TRUCOOK's temperature sensing fork includes the following elements:

        (1)     the shape of the handle;

        (2)     the shape and positioning of the handle cap;

(3)     the substantially rectangular label recess in the upper front portion of the handle;

(4)     the elongated tapered window substantially centered in the front side of the handle;

(5)     a "Press Here" button positioned in the top of the elongated tapered window;

(6)     six lenses running down the left side of the elongated tapered window, each of which can be illuminated;

(7)     doneness settings positioned to the right of each one of the six lenses in the elongated tapered window, with horizontal underscores positioned below doneness setting;

(8)     the neck and fork head configuration;

(9)     silver conical tips on each of the fork tines;

(10)    a substantially rectangular label window in the rear side of the fork handle bearing a temperature chart with doneness settings and corresponding temperature ranges in both Fahrenheit and Celsius; and

(11)    a total fork length of 11" - 11 1/2".

8.     At the very outset, Plaintiff's new product was well received by the marketplace, as a number of large national retailers expressed immediate interest in carrying TRUCOOK's fork nationwide.  In light of the interest expressed by the large national retailers, and because TRUCOOK believed that it had developed a quality product that was both consumer-friendly and affordable, TRUCOOK set out to develop a strong sales base, not only in Illinois, but throughout the United States.  Accordingly, TRUCOOK targeted the entire country in a multi-media promotional and advertising campaign to demonstrate the quality and value of the product sold under its federally registered trademark "ThermoFork", while also establishing significant goodwill as the source for the temperature sensing fork product shown in Exhibits A and B.

9. Inasmuch as Plaintiff TRUCOOK wanted to both promote and protect the ornamental design of its temperature sensing fork product, Plaintiff TRUCOOK acquired rights in the design patent application filed on its temperature sensing fork product. On February 16, 1999, U.S. Design Pat. No. 405,705 (the '705 patent) issued for the invention entitled "Indicator Device and Utensil For Cooking Meat." A copy of U.S. Des. Pat. No. 405,705 is attached as Exhibit C.

10. Plaintiff has since acquired ownership of and still remains the owner of the '705 patent, and all right, title and interest associated therewith.

11. The validity, enforceability and infringement of Plaintiff TRUCOOK's '705 patent have been confirmed in the United States District Court for the Northern District of Illinois, over a substantially identical temperature sensing fork. In TruCook, LLC v. Consolidated Stores Corp. et al., Civil Action No. 00C 2296, Judge Robert C. Norgle entered a Stipulated Permanent Injunction on June 6, 2000 affirming the validity, enforceability and infringement of the '705 patent, enjoining defendants from infringing same.

12. TRUCOOK has also expended great time, effort and expense in marketing and developing rights in the unique, eye-catching trade dress and ornamental design of its innovative temperature sensing fork -- to establish valuable goodwill in the product design trade dress and to identify the distinctive and unique product design as that of TRUCOOK.

13. This publicity and marketing has included extensive T.V. commercials run throughout the United States, as well as advertising through magazines and other publications, designed to generate interest in and recognition with the TRUCOOK name

and TRUCOOK's unique product.  To date, Plaintiff TruCook has spent over $1,000,000 in promoting and marketing its patented temperature sensing fork, including over $900,000 in television advertising alone.

14.     Indeed, Plaintiff TRUCOOK has linked its publicity and advertising efforts directly to its proprietary fork design with a red "AS SEEN ON TV" box on its packaging hang card, to assure purchasers that the TRUCOOK product is indeed the one shown on television as the TRUCOOK temperature sensing fork.  See Exhibit D.

15.     Further, Plaintiff has also aggressively marketed its fork to large national retail stores, such as Lowe's, Walgreens, Target, Meijers, Wal-Mart, Bed, Bath & Beyond, Ace Hardware, Kohl's and Brookstone.  All of these stores have carried the proprietary TRUCOOK temperature sensing fork product.

16.     As a result of these extensive sales and promotional efforts, Plaintiff's unique fork design has acquired distinctiveness and become known and recognized as signifying Plaintiff TRUCOOK and its temperature sensing fork product.  This source designation has allowed TRUCOOK to enjoy invaluable goodwill, a reputation for the highest standards of quality, and has resulted in sales of almost $9,000,000 of the patented temperature sensing fork product -- and a continuous demand for these products originating from Plaintiff TRUCOOK.

17.     The United States District Court for the Northern District of Illinois has likewise affirmed the validity, enforceability and infringement of Plaintiff TRUCOOK's product design trade dress, over the same substantially identical temperature sensing fork, in its Stipulated Permanent Injunction of June 6, 2000 in TruCook, LLC v. Consolidated Stores Corp. et al., Civil Action No. 00C 2296, with Judge Norgle finding

that Plaintiff's product design trade dress is protectable, has acquired secondary meaning and is non-functional.

## DEFENDANT'S INFRINGING PRODUCT

18. Shortly after learning that one of its largest customers, Lowe's, cancelled orders for temperature sensing forks from TruCook, Plaintiff learned that Lowe's was instead acquiring a temperature sensing fork substantially identical to Plaintiff TruCook's patent and trade dress from Defendant IBC.

19. The substantially identical temperature sensing fork, shown in Exhibits E and F, like Plaintiff TRUCOOK's fork, is packaged with an accompanying hang card for easy merchandising display and customer access.

20. Upon viewing the fork distributed by Defendant IBC, Plaintiff TRUCOOK immediately recognized a fork design nearly identical to Plaintiff's own patented and trade dress protected design. Defendant IBC's temperature sensing fork product is virtually the exact same size and shape as Plaintiff TRUCOOK's fork, with precisely the same handle shape, the same handle cap, the same elongated tapered oval window, the same positioning of the elongated tapered oval window in the front of the handle, and substantially the same neck and fork head configurations. Moreover, Defendant's fork also incorporates a "Press Here" button in the top of the elongated tapered oval window, six lenses running down the left side of the elongated tapered oval window, the six identical doneness settings to the right of each of the six lenses and horizontal underscores beneath each doneness setting. Indeed, the only difference between the two forks is Defendant's removal of a small, functional finger guard flange between the handle and the neck portions of Plaintiff's fork.

21.     Plaintiff TRUCOOK further noticed Defendant's use of a rectangular label window with rounded corners on the upper front portion of the handle, in which a label was placed designating a name for the fork -- a label window identical to that of Plaintiff's own fork.

22.     Likewise, upon turning Defendant's fork over, Plaintiff TRUCOOK recognized another, larger rectangular window in the upper backside portion of the fork handle identical to that designed into its own protected fork. In that window, Defendant IBC placed a label with the doneness settings in the front of the fork and corresponding temperature ranges in Fahrenheit. All the text is in bold lettering, with doneness settings in all capitols. Not coincidentally, the doness settings and temperature ranges are identical to those found on Plaintiff TRUCOOK's product back label.

23.     Further, Plaintiff TRUCOOK recognized the mold lines running down each side of the fork handle, neck and head portions as identical to those found on its own temperature sensing fork. Upon even further detailed inspection of the Defendant's fork, Plaintiff TRUCOOK discovered that the housing structure included repeated molding "fingerprints" identical to that of Plaintiff TRUCOOK's fork -- leaving no doubt that the Defendant's fork was substantially splash-molded from Plaintiff TRUCOOK's product and tailored to duplicate the total, overall visual impression of the non-functional elements of Plaintiff TRUCOOK's unique, eye-catching product.

24.     Clearly, Defendant is attempting to misappropriate Plaintiff TRUCOOK's patented product design and trade-dress-protected product design -- to palm off its own goods as those of Plaintiff TRUCOOK. Defendant's acts have been willful and wanton and have been undertaken in an attempt to capitalize on the extensive goodwill built by

Plaintiff TRUCOOK through its unique fork product design, and to exploit Plaintiff's extensive advertising and promotion of its products.

## COUNT I
## Design Patent Infringement

25.     This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the Federal Patents Laws, Title 35 U.S.C. §1 *et seq.*, and particularly, under 35 U.S.C. §271, 281, 283-285 and 289, towards injunctive relief in the destruction of the infringing products, as well as recovery of Defendant's profits, Plaintiff's lost profits, total damages and the cost of this suit, including reasonable attorneys' fees against Defendant, for the injuries sustained by Plaintiff TRUCOOK.  Plaintiff herein adopts and reaffirms allegations of Paragraphs 1 - 24.

26.     United States Design Pat. No. 405,705 is *prima facie* evidence of Plaintiff TRUCOOK's exclusive right to manufacture, have manufactured, use, sell or offer to sell products having the fork design covered by the '705 patent.

27.     Plaintiff TRUCOOK has the extremely valuable exclusive right to manufacture, have manufactured, use, sell, and offer to sell, throughout the United States, products covered under the '705 patent.

28.     Plaintiff's temperature sensing forks covered by the '705 patent have obtained widespread commercial success in the United States.

29.     Defendant IBC has been and/or is still infringing the '705 patent by selling, or offering for sale, indicator devices and utensils for cooking meat as claimed in the

'705 patent, in this judicial district and elsewhere, and will continue to do so unless and until enjoined by this Court.

30. An ordinary observer would be deceived by reason of the overall substantial similarity of the claimed ornamental features of the '705 patented temperature sensing fork and Defendant's temperature sensing fork, inducing a purchaser to buy Defendant's product supposing it to be Plaintiff's product. Defendant's temperature sensing fork also contains substantially the same points of novelty found in the patented '705 fork design, which distinguishes the patented temperature sensing fork from the prior art.

31. Defendant's temperature sensing fork utilizes the patented design of the '705 patent, or a colorable imitation of it. Defendant has directly infringed the '705 patent, and, as will likely be shown after reasonable opportunity for investigation and discovery, has contributed to the infringement of and/or has induced others to infringe the claim of the '705 patent. Defendant is continuing to infringe in violation of 35 U.S.C. §271.

32. Defendant has willfully and wantonly infringed the '705 patent, entitling Plaintiff to treble damages under 35 U.S.C. §284. This conduct further warrants the finding that this case is exceptional under 35 U.S.C. §285, entitling Plaintiff to an award of its attorney's fees.

33. Defendant will continue to infringe the '705 patent, unless and until enjoined by this Court.

34. By reason of Defendant's infringement of the '705 patent, Plaintiff has suffered and will continue to suffer substantial irreparable damage and injury, the full

extent of which is currently unknown. Defendant has also benefited from the unlawful infringement and will continue to be unjustly enriched, unless and until enjoined by this Court.

**COUNT II**
**Federal Trade Dress Infringement**

35.     This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the Federal Laws on Trade Dress Infringement and False Designation of Origin under 15 U.S.C. §1125(a) *et seq*. Plaintiff herein adopts and reaffirms the allegations of Paragraphs 1-34.

36.     By misappropriating the unique, non-functional overall design of Plaintiff TRUCOOK's fork product, Defendant has used in commerce, in connection with Defendant's product, a false designation of origin which is intended to cause, has caused, and is likely to cause confusion, or to cause mistake, or to deceive consumers, retailers or distributors as to the affiliation, connection or association of Defendant with Plaintiff TRUCOOK, or as to the origin, sponsorship or approval of Defendant's product and commercial activities by Plaintiff TRUCOOK.

37.     Plaintiff TRUCOOK has performed extensive marketing and advertising for its unique, temperature sensing fork and has sold large quantities of its distinctive temperature sensing fork design. Through each, Plaintiff's product design trade dress has acquired secondary meaning and has become impressed upon the minds of the trade and public as identifying the goods of Plaintiff and indicating the source of origin of Plaintiff's products. Plaintiff TRUCOOK has built up a large and valuable business in

its use of that product design trade dress, and the valuable goodwill generated as a result of that business inures to Plaintiff, and Plaintiff alone.

38.     All of Defendant's actions are without Plaintiff TRUCOOK's consent and constitute blatant, willful and wanton infringement and disregard of Plaintiff's trade dress rights.

39.     By reason of and by direct result of these acts of trade dress infringement and false designation of origin/passing off by Defendant, Plaintiff TRUCOOK has suffered great and irreparable damage, the full extent of which is currently unknown, while Defendant positions itself for unjust enrichment at Plaintiff's substantial expense. Plaintiff will continue to suffer great and irreparable damage unless and until Defendant is enjoined by this Court.

### COUNT III
### Common Law Trade Dress Infringement

40.     This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the Common Law of the State of Illinois on Trade Dress Infringement. Plaintiff herein adopts and reaffirms the allegations of Paragraphs 1-39.

41.     Plaintiff TRUCOOK has sold substantial quantities of its distinctive temperature sensing fork products. Plaintiff's product design trade dress has become impressed upon the minds of the trade and public in Illinois to identify the goods of Plaintiff TRUCOOK as the source of origin for the products so sold and provided. Plaintiff has built up a large and valuable business in its use of its trade dress product design and the goodwill that inures to Plaintiff, and Plaintiff alone, is of great value.

42.     Defendant has used and continues to use Plaintiff's product design in Illinois for the express purpose of redirecting individuals attempting to purchase Plaintiff's products to those products of Defendant instead. Meanwhile, Defendant conceals the lack of affiliation with Plaintiff TRUCOOK and the actual owner of the product design trade dress. Through the use of Plaintiff TRUCOOK's trade dress, Defendant has palmed off its goods as those of Plaintiff TRUCOOK.

43.     Defendant's use of Plaintiff's protected product configuration trade dress has already caused and is likely to further cause, confusion, mistake and/or deception as to the affiliation, connection or association of Defendant with Plaintiff TRUCOOK, or as to the origin, sponsorship or approval of Defendant's products or commercial activities by TRUCOOK.

44.     By reason and as a direct result of these acts of infringement and unfair competition by Defendant, Plaintiff has suffered great and irreparable damage, the full extent of which is currently unknown, while Defendant positions itself for unjust enrichment at Plaintiff's substantial expense. Plaintiff will continue to suffer great and irreparable damage unless and until Defendant is enjoined by this Court.

## COUNT IV
## Illinois Anti-Dilution Act

45.     This Count of the Complaint arises under an action for damages and injunctive relief pursuant to a violation of the Illinois Law on Unfair Competition, particularly 765 ILCS §1036/65. Plaintiff herein adopts and reaffirms allegations of Paragraphs 1-44.

46.     Plaintiff's product design trade dress has been used exclusively, extensively and abundantly throughout Illinois and the country, in close association with Plaintiff's goods such that Plaintiff's trade dress has become and is now distinctive and famous in at least the State of Illinois.

47.     Defendant's use of Plaintiff's protected trade dress has caused a dilution of the distinctive quality of Plaintiff's trade dress and has lessened the capacity of Plaintiff's trade dress to identify and distinguish the goods and services of Plaintiff TRUCOOK.

48.     By reason of and as a direct result of these acts of trade dress dilution by Defendant, Plaintiff has suffered great and irreparable damage, the full extent of which is currently unknown, while Defendant is unjustly enriched at Plaintiff's substantial expense.  Plaintiff will continue to suffer great and irreparable damage unless and until Defendant is enjoined by this Court.

## COUNT V
## Deceptive Trade Practices

49.     This Count of the Complaint arises out the acts of Unfair Competition under the Common Law of the State of Illinois, the Uniform Deceptive Trade Practices Act, 815 ILCS §510/1 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1 *et seq.* Plaintiff herein adopts and reaffirms allegations of Paragraphs 1-48.

50.     Defendant has used product designs nearly identical to that of Plaintiff TRUCOOK in commerce in order to draw business and sales away from Plaintiff.

51.    Defendant's misleading use of Plaintiff's trade dress product design causes a likelihood of confusion and misunderstanding as to an affiliation, connection, or association of Defendant with Plaintiff TRUCOOK when, in reality, none exists.

52.    Defendant's use of Plaintiff's trade dress falsely represents that Defendant and its goods have an affiliation with, sponsorship by and/or approval by Plaintiff TRUCOOK.

53.    Through its use of Plaintiff's distinctive trade dress, Defendant has passed off its goods as emanating from Plaintiff TRUCOOK.

54.    By reason of and as a direct result of these acts of deceptive trade practices by Defendant, Plaintiff has suffered great and irreparable damage, the full extent which is currently unknown, while Defendant is unjustly enriched at Plaintiff's substantial expense.  Plaintiff will continue to suffer great and irreparable damage unless and until Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TRUCOOK prays:

A.    That Judgment be entered against Defendant INTERNATIONAL BUSINESS CORPORATION in favor of Plaintiff TRUCOOK.

B.    For judgment and permanent injunctive relief to be entered by this Court in favor of Plaintiff and against Defendant for Federal patent infringement;

C.    For a recovery for damages adequate to compensate Plaintiff for Defendant's acts of patent infringement in the amount of at least $1,000,000;

D.    For an accounting and recovery of damages adequate to compensate Plaintiff for Defendant's infringement of the '705 patent under 35 U.S.C. §284;

E.    For Defendant's profits resulting from Defendant's sale of products infringing the '705 patent;

F.    For Plaintiffs' lost profits resulting from Defendant's sale of products infringing the '705 patent;

G.    For a finding that Defendant's patent infringement is willful and wanton, such that Plaintiff is entitled to a trebling of damages pursuant to 35 U.S.C. §284;

H.    For a finding that Defendant's willful and wanton acts make this an exceptional case under 35 U.S.C. §285, and for a recovery of Plaintiff's reasonable costs, attorney's fees and expenses;

I.    For Judgment and permanent injunctive relief to be entered by this Court in favor of Plaintiff against Defendant for trade dress infringement;

J.    For a recovery of damages adequate to compensate Plaintiff for acts of trade dress infringement and unfair competition in the amount of at least $1,000,000;

K.    For an Order prohibiting Defendant from filling any orders or from providing any third parties with products which comprise or contain any trade dress enjoined by this Court;

L.    For an Order directing Defendant to file with this Court and serve on counsel for Plaintiff TRUCOOK within 30 days after entry of any injunction issued by the Court in this action, a sworn written statement as required under 15 U.S.C. §1116;

M.    For an Order directing Defendant to recall from its customers and to deliver for destruction or other disposition within thirty (30) days of the entry of final judgment herein, any and all promotional items, products and/or advertising or other

materials in its possession or control which comprise or contain any trade dress enjoined by this Court under 15 U.S.C. §1118;

N.     For a finding that Defendant's acts of trade dress infringement and unfair competition were willful and wanton, such that Plaintiff is entitled to exemplary damages under 15 U.S.C. §1117, corresponding to a trebling of the actual damage as, in the amount of at least $3,000,000, or an amount this Court finds just, to deter Defendant from future unfair competitive and infringing conduct, and punitive damages as authorized under state law;

O.     For a finding that Defendant's willful and wanton acts make this an exceptional case under 15 U.S.C. §1117 toward recovery of Plaintiffs' reasonable attorney's fees, costs and expenses;

P.     For judgment and permanent injunctive relief to be entered by this Court in favor of Plaintiff and against Defendant for common law trade dress infringement and trade dress dilution under the Illinois Trademark Registration and Protection Act;

Q.     For recovery of damages adequate to compensate Plaintiff for Defendant's acts of trade dress infringement and dilution in the amount of at least $1,000,000;

R.     For a finding that Defendant's acts of trade dress infringement and dilution were committed knowingly and/or in bad faith, such that the Plaintiff is entitled to exemplary damages under 765 ILCS §1036/70, corresponding to a trebling of the actual damages in the amount of at least $3,000,000, or an amount this Court finds just, to deter Defendant from future infringing and dilutive conduct, and punitive damages as authorized under Illinois State law;

S.    For a finding that Defendant's infringing and dilutive acts were committed knowingly or in bad faith, such that Plaintiff is entitled to recovery of three times Plaintiff's reasonable attorney's fees, costs and expenses under 765 ILCS §1036/70;

T.    For recovery of damages adequate to compensate Plaintiff for Defendant's acts of deceptive business and trade practices in the amount of at least $1,000,000;

U.    For judgment and permanent injunctive relief to be entered by this Court in favor of Plaintiff and against Defendant for deceptive business and trade practices;

V.    For a finding that Defendants have willfully engaged in deceptive trade practices, such that Plaintiff is entitled to an award of attorney's fees and costs under 815 ILCS §510/3; and

W.    For such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff TRUCOOK respectfully demands a trial by jury for all Counts of this

COMPLAINT.

Respectfully submitted,

Dated: 6/27/02

Richard D. Harris
James K. Cleland
LAW OFFICES OF DICK AND HARRIS
181 W. Madison Street, Ste. 3800
Chicago, Illinois 60602
Tel: 312/726-4000
Fax: 312/726-5834

Attorneys for Plaintiff TRUCOOK, INC.

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C

US00D405705S

# United States Patent [19]

## Norcross

[11] Patent Number: **Des. 405,705**

[45] Date of Patent: **⋆⋆Feb. 16, 1999**

[54] **INDICATOR DEVICE AND UTENSIL FOR COOKING MEAT**

[76] Inventor: **Charles E. Norcross**, 1448 Mediterranean Dr., Lake Clark, Fla. 33406

[**] Term: **14 Years**

[21] Appl. No.: **90,220**

[22] Filed: **Jul. 2, 1998**

### Related U.S. Application Data

[63] Continuation of Ser. No. 14,221, Jan. 27, 1998.

[51] **LOC (6) Cl.** .......................................... **10-04**
[52] **U.S. Cl.** ................................................... **D10/57**
[58] **Field of Search** .......................... D10/57; 374/141

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 856,768 | 6/1907 | Comins | 374/141 |
| 5,575,563 | 11/1996 | Chiu et al. | 374/141 |

*Primary Examiner*—Antoine Duval Davis
*Attorney, Agent, or Firm*—Quarles & Brady LLP

[57] **CLAIM**

The ornamental design for an indicator device and utensil for cooking meat, as shown and described.

### DESCRIPTION

FIG. 1 shows a perspective view of an indicator device and utensil for cooking meat according to my design;

FIG. 2 shows a top plan view thereof;

FIG. 3 shows a side view thereof. The opposite side is an identical, but mirror image thereof;

FIG. 4 shows a bottom plan view thereof;

FIG. 5 shows an end view thereof, as viewed from the handle end;

FIG. 6 shows an end view thereof, as viewed from the forked end;

FIG. 7 shows a top plan view of an embodiment of the indicator utensil handle illustrating a digital display window;

FIG. 8 shows a top plan view of a second embodiment of the indicator utensil handle illustrating a graduated display;

FIG. 9 shows a top plan view of a third embodiment of the indicator utensil handle illustrating a substantially circular analog (dial) display;

FIG. 10 shows a top plan view of a fourth embodiment of the indicator utensil handle illustrating a substantially rectangular analog (dial) display;

FIG. 11 shows the digital display of FIG. 7;

FIG. 12 shows the graduated display of FIG. 8;

FIG. 13 shows the substantially circular display of FIG. 9; and,

FIG. 14 shows the substantially rectangular display of FIG. 10.

The dotted lines indicate components for illustrative purposes only and form no part of the subject design.

**1 Claim, 4 Drawing Sheets**





FIG. 1

FIG. 2

FIG. 3

FIG. 5

FIG. 6

Case: 1:02-cv-04617 Document #: 1 Filed: 06/27/02 Page 26 of 36 PageID #:26



FIG. 4



*FIG. 7*

*FIG. 8*

*FIG. 9*

*FIG. 10*

**U.S. Patent**     Feb. 16, 1999     Sheet 4 of 4     **Des. 405,705**



FIG. 11

FIG. 12

FIG. 13

FIG. 14

# EXHIBIT D



# EXHIBIT E



# EXHIBIT F



JS 44
(Rev. 11/95)

*Cat 1*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
TRUCOOK, INC.

**DEFENDANTS**
INTERNATIONAL BUSINESS CORPORATION

DOCKETED

**02C 4617** JUN 2 8 2002

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Palm Beach, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard D. Harris, James K. Cleland
LAW OFFICES OF DICK AND HARRIS
181 West Madison St., Ste. 3800
Chicago, IL  60602   (312)726-4000

ATTORNEYS (IF KNOWN)
**JUDGE ANDERSEN**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**II. BASIS OF JURISDICTION**  (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

XX 3  Federal Question
       (U.S. Government Not a Party)

☐ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAIN
(For Diversity Cases Only)                        AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | D |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN**  (PLACE AN "X" IN ONE BOX ONLY)

XX 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to Dist
       Judge from
       Magistrate
       Judgment

**V. NATURE OF SUIT**  (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | XX 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Just |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION**  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Design Patent Infringement, Federal Trade Dress Infringement, Common Law Trade Dress
Infringement, Illinois Anti-Dilution Act and Deceptive Trade Practices

**VII. REQUESTED IN
COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   XX YES   ☐ NO

**VIII. RELATED CASE(S)
IF ANY**  (See instructions):

JUDGE

DOCKET NUMBER

DATE
6/27/02

SIGNATURE OF ATTORNEY OF RECORD
*Richard Harris*

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

TRUCOOK, INC.

            Plaintiff,

v.

INTERNATIONAL BUSINESS CORPORATION

            Defendant.

Case Number: _____

Judge _____

**DOCKETED**
JUN 2 8 2002

**02C 4617**

JUDGE ANDERSEN
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

TRUCOOK, INC.

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME | Richard D. Harris | | | NAME | James K. Cleland | | |
| FIRM | Law Offices of Dick & Harris | | | FIRM | Law Offices of Dick & Harris | | |
| STREET ADDRESS | 181 West Madison Street, Ste. 3800 | | | STREET ADDRESS | 181 West Madison Street, Ste. 3800 | | |
| CITY/STATE/ZIP | Chicago, IL 60602 | | | CITY/STATE/ZIP | Chicago, IL 60602 | | |
| TELEPHONE NUMBER | 312/726-4000 | | | TELEPHONE NUMBER | 312/726-4000 | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 1137913 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 6242689 | | |
| MEMBER OF TRIAL BAR? | YES X | NO | | MEMBER OF TRIAL BAR? | YES | NO | X |
| TRIAL ATTORNEY? | YES X | NO | | TRIAL ATTORNEY? | YES | NO | X |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES | NO | X |

| (C) | | | | (D) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME | | | | NAME | | | |
| FIRM | | | | FIRM | | | |
| STREET ADDRESS | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER | | | | TELEPHONE NUMBER | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |